IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - DAYTON

| | | |
|---|---|---|
| DAVID NOREIKAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.  3:12-cv-317 |
| v. | ) | |
| | ) | **Jury Trial Demanded** |
| GLOBAL CREDIT & COLLECTION | ) | |
| CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4.      Plaintiff, David Noreikas ("Plaintiff"), is a natural person who at all relevant times resided in the State of Ohio, County of Champaign, and City of St. Paris.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Global Credit & Collection Corporation  ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly

collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.    In connection with the collection of an alleged debt in default ("the Debt"), prior to July 10, 2012, Defendant began placing calls to Plaintiff.

12.    Plaintiff, via his counsel, sent written correspondence dated July 10, 2012 to Defendant regarding the Debt, and in such correspondence, notified Defendant that he was represented by counsel and further, demanded that Defendant cease and desist from engaging in any and all direct communication with Plaintiff, telephonic or otherwise. (Notice of Representation, attached hereto as Exhibit "A").

13.    Defendant received Plaintiff's notice of representation on July 16, 2012 at 10:10 A.M. (Certified Mail Receipt, attached here to as Exhibit "B").

14.    Despite receiving Plaintiff's notice of representation and demand for Defendant to cease and desist from placing any and all calls to Plaintiff, in connection with the collection of the Debt from Plaintiff, Defendant placed a call to Plaintiff's parents' residence on July 16, 2012 at 3:00 P.M., and at such time, left the following voicemail message:

> If this is not David [inaudible] Noreikas please terminate the call as it does contain personal and confidential business information. This is Mr. Guillamo speaking, operations manager at Global Credit & Collections. I need to advise you that this is an attempt to collect a debt and any information obtained is used only in that purpose. There is an important business issue [inaudible] here in my office that requires your immediate attention today. Please do return our call toll-free at 1-877-305-2082. Again

1-877-305-2082. This matter is important and does require your immediate attention.

15.     At the time it placed its July 16, 2012 call to Plaintiff's parent's residence, Defendant possessed current and correct location information for Plaintiff, including, but not limited to: Plaintiff's residential address and telephone number.

16.     In its July 16, 2012 voicemail message left on Plaintiff's parent's answering machine, Defendant failed to state that it was calling for the purpose of obtaining location information concerning Plaintiff.

17.     Defendant placed its July 16, 2012 call to Plaintiff's parent's residence for purposes other than obtaining location information concerning Plaintiff.

18.     Plaintiff's parent's answering machine contains an outgoing message that plays prior to recording an incoming voicemail message, and which clearly states that the answering machine belongs to "the Skinners," and thus Defendant possessed actual knowledge before transmitting its communication that it was doing so to a third party.

19.     Further, in its July 16, 2012 voicemail message, Defendant conveyed a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

20.     Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692b(1)

21.     Plaintiff repeats and re-alleges each and every allegation contained above.

22.     Defendant violated 15 U.S.C. § 1692b(1) by contacting a third party for purposes other than obtaining location information, in connection with an attempt to collect an alleged debt from Plaintiff.

23.     Defendant violated 15 U.S.C. § 1692b(1) by contacting a third party and failing to state that the call was made for the purpose of confirming or correcting location information about a consumer.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692b(1);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692b(6)

24.    Plaintiff repeats and re-alleges each and every allegation contained above.

25.    Defendant violated 15 U.S.C. § 1692b(6) by contacting a third party after learning that Plaintiff is being represented by counsel with regard to the subject debt, when Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692b(6);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692c(b)

26.     Plaintiff repeats and re-alleges each and every allegation contained above.

27.     Defendant violated 15 U.S.C. § 1692c(b) by communicating with a third party other than in the manner prescribed by 15 U.S.C. § 1692b et seq., without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)  Adjudging that Defendant violated 15 U.S.C. § 1692c(b);

   b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(10)

28.     Plaintiff repeats and re-alleges each and every allegation contained above.

29.    Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiff, including, but not limited to: conveying a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

30.     Plaintiff is entitled to and hereby demand a trial by jury.


This 26th day of September, 2012.

WEISBERG & MEYERS, LLC

/s/ Ronald S. Weiss
Ronald S. Weiss
Ohio Bar No. 0076096
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
RWeiss@AttorneysForConsumers.com
(888) 595-9111 ext. 230
(866) 565-1327 Fax
*Lead Counsel for Plaintiff*

**Correspondence address**

Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012